To THE PETITION OP APPELLANTS’ COUNSEL POR A REHEARING JUDGE Pryor delivered the following response:
We have considered carefully the suggestions of counsel made in an able brief on the original hearing, as well as in the petition for a rehearing, and although the reasons assigned for a reversal are persuasive, still we are constrained to adhere to the original opinion, sustained as it is by all the authorities on the subject. It is conceded that the mere right to possess the land on the part of the wife is not sufficient to give curtesy, but there must have been an actual possession. This is the doctrine contended for by counsel, and about which there is no controversy. The question of difference is as to what constitutes actual possession. Where the land is held in coparceny or in common, and one of the tenants is in possession (the wife being a tenant), this gives to her the possession; not the right to possess, but the actual possession. This is the common-law doctrine as announced by Cruise, Washburn, Hilliard, Bishop, Clancy, Blaekstone, and all the elementary writers on the subject without an exception. It is said, however, that, although this doctrine is found in the text, the only authority to sustain it is the case of Sterling v. Penlington. This may-be true; but suppose these elementary authors in asserting the doctrine had failed to refer to any reported case, we still would have *687 the authority of Cruise, Coke, Blackstone, Washburn, Hilliard, Clancy, etc., to sustain the view of the case as presented by the opinion; while, on the contrary, counsel denying the doctrine has failed to produce a single reported case or the suggestion of any author op. the subject in which a different principle is announced.
In the case cited by counsel, where the father dies leaving a daughter not in possession of the land descending to her, the husband of the daughter immediately on the death of the father starts for the land in order to obtain the possession, and the wife dies before he reaches it, in such a case we agree that no curtesy exists. If, however, we add to this supposed case the additional fact that the land at the death of the father descended to the son and daughter, and the son was in the possession, then the husband of the daughter would have curtesy, for the reason that they held as parceners, and the possession of one is not the right only of all to possess, but the actual possession of all; or if they are not parceners, but tenants in common, the same rule applies. This view is taken by all the authors referred to, and is based ■ upon the doctrine creating these tenancies — namely, unity of possession. So, regarding the parties in this case as either parceners or tenants in common, the husband has his curtesy.
Petition overruled. •